**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4349-GW-JPRx | Date | August 12, 2019 |
|---|---|---|---|
| Title | *Nadia Sheibani v. Ford Motor Company, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Michelle Yang | Charles F. Harlow | |

**PROCEEDINGS:** PLAINTIFF'S MOTION TO REMAND [9]

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would order that this matter be remanded forthwith to the Los Angeles County Superior Court, County of Los Angeles for further proceedings.

                                                                : 02

Initials of Preparer    JG

## I. Introduction

On April 11, 2019, Plaintiff Nadia Sheibani filed the present lawsuit in state court alleging: (1) breach of warranty in violation of California Civil Code Section 1793.2(d), (2) failure to repair in violation of California Civil Code Section 1793.2(b), (3) failure to make available authorized service and repairs in violation of California Civil Code Section 1793.2(A)(3), (4) breach of express written warranty in violation of California Civil Code Sections 1791.2(a) and 1794, and (5) breach of implied warranty of merchantability in violation of California Civil Code Sections 1791.1 and1794, against Ford Motor Company ("Ford"), Towne Ford, and Does 1 through 100 inclusive (collectively referred to as "Defendants"). *See* Complaint, attached as Exhibit B to Notice of Removal, Docket No. 1-2. In the Complaint, Plaintiff asserted various deficiencies in their newly purchased 2013 Ford C-Max ("Vehicle") (*id.* at ¶ 9); and also that "Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." *Id.* ¶ 10.[1]

Defendants filed a notice of removal in this matter on May 20, 2019, on the basis of diversity jurisdiction. *See* Notice of Removal ("NoR"), Docket No. 1. While the NoR recognized that defendant Towne Ford is a citizen of California, it argued that Towne Ford was fraudulently joined and that its citizenship should be disregarded. *Id.* ¶ 8. Plaintiff filed a motion to remand on June 11, 2019. *See* Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand ("Motion"), Docket No. 9-1. Defendants filed an opposition. *See* Defendants Ford Motor Company and Towne Ford's Opposition to Plaintiff's Motion to Remand ("Opp'n"), Docket No. 13. Plaintiff filed a reply. *See* Plaintiff's Reply in Support of Motion to Remand ("Reply"), Docket No. 18.

## II. Discussion

Defendant Ford is a Delaware corporation with its principle place of business in Michigan. *See* NoR ¶ 19. Defendant Towne Ford is a California corporation with its principal place of

---

[1] The allegations in the Complaint are not specific to a particular defendant. They merely allege allegations against "Defendant" without specifying which Defendant the Complaint refers to.

business in California.  *See* Complaint ¶ 10.  Plaintiff is a citizen of California.  *See* NoR ¶ 18. Defendants claim that this Court has diversity jurisdiction over this matter because Towne Ford was fraudulently joined in Plaintiff's Complaint and its citizenship should not be considered in the Court's analysis of diversity.  *See generally id.*

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Federal courts operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise.  *See id*. (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).  Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Federal courts have an independent duty to analyze whether subject-matter jurisdiction exists, regardless of whether a party raises the issue.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004).  A court may remand a case on jurisdictional grounds without giving the parties an opportunity to address the issue.  *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (citations omitted).

As noted, Ford argues that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000.  *See* 28 U.S.C. § 1332(a).  Defendants do not dispute that both Towne Ford and Plaintiff are citizens of California.  *See generally* NoR. Instead, Defendants argue that Towne Ford has been fraudulently joined and therefore should be ignored for purposes of diversity.  *See generally id.*

Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to the diversity requirement "where a non-diverse defendant has been fraudulently joined."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  "Joinder is fraudulent

2

'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' " *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044. Further, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted) . . . ." *Esperanza v. Shanklin Corp.*, Case No. 5:17–cv–2456–CAS–KK, 2017 WL 6520465 at *2 (C.D. Ca. Dec. 19, 2017).

The Complaint does not clearly allege which causes of action are alleged against which Defendants. *See generally* Complaint. However, Plaintiff clarifies in her Motion that she is alleging breach of implied warranty against Towne Ford. *See* Motion at 6. Defendants assert that Plaintiff's implied warranty claim is barred by the statute of limitations. *See* NoR ¶¶ 29-36. Plaintiff argues that several tolling doctrines are applicable to her claim, and therefore the statute of limitations does not apply. *See generally* Motion. Specifically, Plaintiff argues that the delayed discovery rule and the repair doctrine apply to her breach of implied warranty claim. *See generally id.*

The Court is not convinced that the delayed discovery rule is applicable here, where Plaintiff is alleging a breach of implied warranty against Towne Ford. The delayed discovery rule is a statutory exception to the four-year statute of limitations on breach of warranty claims, but it only applies "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." Cal. Comm. Code § 2725(2). Plaintiff does not allege, or claims that she could allege, *any* explicit warranty offered by Towne Ford, no less one for future performance. Thus, the delayed discovery rule is inapplicable.

Plaintiff also claims that the repair doctrine tolls the statute of limitations applicable to her breach of implied warranty claim. Under California Civil Code Section 1795.6, the statute of limitations period for breach of implied warranty claims is tolled where "the warranty repairs or service performed upon the nonconforming goods did not remedy the nonconformity for which such repairs or service was performed and the buyer notified the manufacturer or seller of this

3

failure within 60 days after the repairs or service was completed." Cal. Civ. Code § 1795.6(b). *See also Aced v. Hobbs-Sesack Plumbing Co.*, 55 Cal.2d 573, 585 (1961) (holding that statute of limitations period was "tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs."). Plaintiff's complaint does not specifically allege that she notified Towne Ford of the failed repair within 60 days. *See generally* Complaint. However, Plaintiff does allege that she brought the vehicle for repairs, and her Motion represents that, in fact, she did notify Defendants that they failed to repair the vehicle within 60 days. *See id.*; Motion at 12-13. Therefore, the Court would find that Plaintiff could likely amend the Complaint to allege facts which would permit tolling of the statute of limitations under the repair doctrine.

Although the allegations contained in the Complaint itself would not be sufficient to survive a motion to dismiss on statute of limitations grounds, they are sufficient to defeat Defendants' claim of fraudulent joinder, as there is no evidence that the insufficiencies in the allegations could not be cured by leave to amend. *See Nasrawi v. Buck Consultants, LLC*, 713 F.Supp.2d 1080, 1084-85 (E.D.Cal. 2010) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant . . . . Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency.") (internal quotations and citations omitted). Thus, Defendants have not met their burden to establish that joinder of Towne Ford was fraudulent. *See GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.' [citation omitted]".). Because the fraudulent joinder exception to the diversity requirement does not apply, the parties to this action are not completely diverse and this Court lacks subject matter jurisdiction. Given that the Court is persuaded that complete diversity does not exist, the Court need not consider Plaintiff's alternative subject matter jurisdiction arguments.

In light of the strong presumption against removal jurisdiction, *see Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal citations omitted), Defendants have not met their burden to establish that joinder of Towne Ford was fraudulent. Because the fraudulent joinder exception to the diversity requirement does not apply, the parties to this action are not

4

completely diverse and this Court lacks subject matter jurisdiction. The action was improperly removed and must be remanded to Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Alternatively, Defendants ask this Court to exercise its discretion under Federal Rule of Civil Procedure 21 to dismiss Towne Ford as a party. Dismissal of dispensable nondiverse parties should be exercised sparingly only after considering whether such dismissal will prejudice any of the parties in the litigation. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). The Court declines to do so here. The claims against Ford and Towne Ford are sufficiently intertwined, factually and legally, such that severance would be inconvenient and inefficient. Since it appears Plaintiff will allege that Towne Ford performed repairs of the allegedly defective vehicle, it would be far more convenient for Plaintiff to present any claims related to Towne Ford's failure to repair in the same case as claims related to manufacturing defects. *See generally* Complaint. The Court is not persuaded that severance is appropriate because Towne Ford *might* be able to compel Plaintiff to arbitrate her claims. *See* NoR ¶ 39. Thus, the Court will remand the case to state court.

## III. Conclusion

For the reasons stated herein, the Court would order that this matter be remanded forthwith to the Los Angeles County Superior Court, County of Los Angeles for further proceedings.